## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

JOHN CULBREATH,

    Plaintiff,

v.

THE BRACHFELD LAW GROUP, P.C., a California professional corporation, and, LVNV FUNDING, LLC, a Delaware limited liability company,

    Defendants.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. Defendant The Brachfeld Law Group, P.C. transacts business in this Judicial District.

7. Defendant LVNV Funding, LLC transacts business in this Judicial District.

## PARTIES

8. Plaintiff John Culbreath is a natural person.

9. The Plaintiff resides in the City of Keenesburg, County of Larimer, State of Colorado.

10. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. Defendant Brachfeld Law Group, P.C. (hereinafter: "BLG") is a California professional corporation operating from an address at 880 Apollo Street, Suite 155, El Segundo, California 90245.

12. BLG's registered agent in the state of Colorado is Colorado Manager, Inc., 80 Garden Center, Suite 3, Broomfield, Colorado, 80020.

13. BLG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. BLG is not licensed as a collection agency by the state of Colorado.

15. The principal purpose of BLG is the collection of debts using the mails and telephone.

16. BLG regularly attempts to collect debts alleged to be due another.

17. BLG regularly attempts to collect debts alleged to be due another in the state of Colorado.

18. BLG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

19. Defendant LVNV Funding, LLC (hereinafter: "LVNV") is a Delaware limited liability company operating from an address at 625 Pilot Road, Suite 2, Las Vegas, Nevada 89119.

20. LVNV's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado 80202.

21. LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

22. LVNV is licensed as a collection agency by the state of Colorado.

23. The principal purpose of LVNV is the collection of debts using the mails and telephone.

24. LVNV regularly attempts to collect debts alleged to be due another.

25. LVNV regularly attempts to collect debts alleged to be due another in the state of Colorado.

26. LVNV regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

27. Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Chase Bank USA, N.A. (hereinafter the "Account").

28. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

29. The Account went into default with Chase Bank USA, N.A.

30. LVNV is the business of purchasing delinquent consumer accounts, typically paying no more than ten cents on the dollar.

31. LVNV then collects the accounts or hires other entities to collect the accounts.

32. LVNV claims to have purchased the Account.

33. LVNV paid less than ten cents on the dollar for the Account.

34. LVNV hired BLG to collect the Account.

35. LVNV placed or otherwise transferred the Account to BLG for collection from the Plaintiff.

36. LVNV reported the Account to Experian, a credit reporting agency.

37. BLG's collectors are employees of BLG.

38. BLG acted at all times mentioned herein through its employees.

39. LVNV was acting as a debt collector as to the Account it attempted to collect from the Plaintiff through its agent, BLG.

40. The Account was sent from LVNV to BLG in 2011.

41. The Account was received by BLG in 2011.

42. The Plaintiff disputes the Account.

43. The Plaintiff requests that the Defendants cease all further communication on the Account.

44. In the year prior to the filing of the instant action BLG and / or representative(s), employee(s) and / or agent(s) of BLG had telephone conversation(s) with the Plaintiff.

45. The Defendant's purpose for these telephone call(s) / telephone conversation(s) was to attempt to collect the Account.

46. The telephone call(s) / telephone conversation(s) conveyed information regarding the Account directly or indirectly to the Plaintiff.

47. The telephone call(s) / telephone conversation(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

48. The only reason that BLG and / or representative(s), employee(s) and / or agent(s) of BLG made telephone call(s) to the Plaintiff was to attempt to collect the Account.

49. The only reason that BLG and / or representative(s), employee(s) and / or agent(s) of BLG had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

50. The only reason that BLG and / or representative(s), employee(s) and / or agent(s) of BLG received telephone call(s) from the Plaintiff was to attempt to collect the Account.

51. During the communication(s) BLG and / or representative(s), employee(s) and / or agent(s) of BLG attempting to collect the Account represented to the Plaintiff that the Account will be on his credit bureau reports for 7 to 10 years and that the Account will be reported to the credit bureaus until it is paid.

52. The representations by BLG in paragraph 51 were false and were false representations in connection with the collection of a debt, the Account.

53. During the communication(s) BLG and / or representative(s), employee(s) and / or agent(s) of BLG attempting to collect the Account represented to the Plaintiff that they would garnish his wages and put liens on his property if he did not pay the Account.

54. The representations by BLG in paragraph 53 were false and were false representations in connection with the collection of a debt, the Account.

55. During the communication(s) BLG and / or representative(s), employee(s) and / or agent(s) of BLG attempting to collect the Account represented to the Plaintiff that to dispute the Account he had to fax a letter to BLG with a reason for the dispute, that the Account was still with Chase and that BLG was collecting for Chase because Chase owns the Account.

56. The representations by BLG in paragraph 55 were false and were false representations in connection with the collection of a debt, the Account.

57. BLG did not have the authority to take any legal action against the Plaintiff on the Account.

58. BLG did not intend to take any legal action against the Plaintiff on the Account.

59. BLG did not have the authority to garnish the Plaintiff's wages on the Account.

60. BLG did not intend to garnish the Plaintiff's wages on the Account.

61. BLG did not have the authority to place any lien(s) on the Plaintiff's property regarding the Account.

62. BLG did not intend to place any lien(s) on the Plaintiff's property regarding the Account.

63. No legal action has been taken against the Plaintiff on the Account.

64. No judgment(s) have been entered against the Plaintiff on the Account.

65. No lien(s) have been placed against the Plaintiff's property regarding the Account.

66. The Plaintiff's wages have not been garnished regarding the Account.

67. BLG kept written documentation and / or computer note(s) that document that its representative(s), employee(s) and / or agent(s) had telephone conversation(s) with the Plaintiff on the Account in the year prior to the filing of the instant action.

68. On information and belief BLG made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

69. On information and belief BLG made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

70. On information and belief BLG has a copy or copies of the audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

71. On information and belief BLG has a copy or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

72. On information and belief BLG's copies of the audio recording(s) of the telephone call(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations.

73. The Defendants and BLG's representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(4), e(5), e(8) and e(10).

74. The Defendants and BLG's representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable mean(s) to collect or attempt to collect a debt and violate FDCPA 1692f preface.

75. The Defendants' statement(s) and action(s) as well as that of BLG's representative(s), employee(s) and / or agent(s) were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

76. LVNV has derivative liability for the act(s) and omission(s) of BLG and the representative(s), employee(s) and / or agent(s) of BLG.

77. As a consequence of the Defendants' collection activities and communications, the Plaintiff is entitled to damages pursuant to FDCPA 1692k(a).

## **RESPONDEAT SUPERIOR**

78. The representative(s) and / or collector(s) at BLG were employees of BLG at all times mentioned herein.

79. The representative(s) and / or collector(s) at BLG were agents of BLG at all times mentioned herein.

80. The representative(s) and / or collector(s) at BLG were acting within the course of their employment at all times mentioned herein.

81. The representative(s) and / or collector(s) at BLG were acting within the scope of their employment at all times mentioned herein.

82. The representative(s) and / or collector(s) at BLG were under the direct supervision of BLG at all times mentioned herein.

83. The representative(s) and / or collector(s) at BLG were under the direct control of BLG at all times mentioned herein.

84. The actions of the representative(s) and / or collector(s) at BLG are imputed to their employer, BLG.

85. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## **RESPONDEAT SUPERIOR**

86. The representative(s) and / or collector(s) at BLG were representatives of LVNV at all times mentioned herein.

87. BLG and its representative(s), employee(s) and / or collector(s) were agents of LVNV at all times mentioned herein.

88. LVNV's representative(s) and / or collector(s) including BLG were acting within the course of their employment with LVNV at all times mentioned herein.

89. LVNV's representative(s) and / or collector(s) including BLG were acting within the scope of their employment with LVNV at all times mentioned herein.

90. LVNV's representative(s) and / or collector(s) including BLG were under the direct supervision of LVNV at all times mentioned herein.

91. LVNV's representative(s) and / or collector(s) including BLG were under the direct control of LVNV at all times mentioned herein.

92. The actions of LVNV's representative(s) and / or collector(s) including BLG are imputed to their employer, LVNV.

93. As a direct and proximate result of the aforesaid actions, the Plaintiff is entitled to damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

94. The previous paragraphs are incorporated into this Count as if set forth in full.

95. The act(s) and omission(s) of the Defendants and BLG's representative(s), employee(s) and / or agent(s) constitute a violation of the FDCPA, § 1692e preface, e(2)(A), e(4), e(5), e(8), e(10) and § 1692f preface.

96. Pursuant to FDCPA section 1692k the Plaintiff is entitled to damages, reasonable attorney's fees and costs.

97. The FDCPA is a "strict liability statute," and Plaintiff need only "show one violation of its provisions to be entitled to judgment in her favor." Ellis v. Cohen & Slamowitz, LLP, 701 F.Supp. 2d 215, 219 (N.D.N.Y. 2010).

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that the Defendants violated the FDCPA and/or an admission from the Defendants that they violated the FDCPA.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

                          Respectfully submitted,

                          _s/ David M. Larson_____
                          David M. Larson, Esq.
                          405 S. Cascade Avenue, Suite 305
                          Colorado Springs, CO 80903
                          (719) 473-0006
                          Attorney for the Plaintiff